FILED: DECEMBER 17, 2008
08CV7225
JUDGE GOTTSCHALL
MAGISTRATE JUDGE COX
EDA

Case: 1:08-cv-07225 Document #: 1 Filed: 12/17/08 Page 1 of 11 PageID #:1

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| FRANK VAZQUEZ, JR., ) | |
| ) | |
| Plaintiff, ) | Case No.: |
| ) | |
| v. ) | COMPLAINT FOR VIOLATION OF |
| ) | CIVIL RIGHTS AND STATE |
| RENE HILDAGO, D.D.S, ) | SUPPLEMENTAL CLAIMS |
| CHICAGO POLICE OFFICER RENE ) | |
| HILDAGO, CHICAGO POLICE ) | |
| OFFICER S. GLOMBICKI, Star # 17, ) | |
| and THE CITY OF CHICAGO, ) | **JURY DEMANDED** |
| ) | |
| Defendants. | |

## JURISDICTION AND VENUE

1.      This action arises under the United States Constitution and the Civil Rights Act of 1871 (42 U.S.C. Section 1983). This court has jurisdiction under and by virtue of 28 U.S.C. Sections 1343, 1331, and 1367.

2.      Venue is founded in this judicial court upon 28 U.S.C. Section 1391 as the acts complained of arose in this district.

## PARTIES

3.      At all times herein mentioned, Plaintiff, FRANK VAZQUEZ, JR., was and is a citizen of the United States, and was within the jurisdiction of this court.

4.      At all times herein mentioned, Defendant Rene Hildago ("Hildago, D.D.S") was a dentist practicing at 9456 South Commercial Avenue, in Chicago, Illinois. Further, as alleged below, Hildago, D.D.S. was engaged in joint action with certain police offer defendants and as such was acting under color of law. This Defendant is being sued in his individual capacity.

5.	At all times herein mentioned, Defendant Chicago Police Officer Rene Hildago, (" P.O. Hildago") was employed by the City of Chicago Police Department, and was acting under color of state law and as the employee, agent, or representative of the City of Chicago Police Department. This Defendant is being sued in his individual capacity.

6.	At all times herein mentioned, Defendant Chicago Police Officer S. Glombicki, Star No. 17, ("Glombicki") was employed by the Chicago Police Department, and was acting under color of state law and as the employee, agent, or representative of the Chicago Police Department. This Defendant is being sued in his individual capacity.

7.	At all times herein mentioned, the City of Chicago was a political division of the State of Illinois, existing as such under the laws of the State of Illinois. At all relevant times, the City of Chicago maintained, managed, and/or operated the City of Chicago Police Department.

## FACTUAL ALLEGATIONS

8.	On or about March 18, 2008, Plaintiff was an invited guest at the offices of Hildago, D.D.S. located at 9456 South Commercial Avenue, in Chicago, Illinois.

9.	On that date and at that location, Plaintiff made a peaceful, verbal complaint to Hildago, D.D.S. about previous services rendered.

10.	After making said complaint, Hildago, D.D.S., pushed Plaintiff against a wall.

11.	Plaintiff did not consent to being pushed.

12.	There was no legal cause to push Plaintiff against a wall.

13.	Hildago, D.D.S. was not in any danger and/or perceived danger that would have required him to defend himself.

14.	Rather, Hildago, D.D.S., pushed Plaintiff in retaliation for Plaintiff making a complaint about Hildago, D.D.S.'s service.

15. After being pushed, Plaintiff left the location of 9456 South Commercial Avenue, Chicago, Illinois.

16. Plaintiff went to the police station located at 2255 East 103rd Street in Chicago, Illinois to make a police report against Hildago, D.D.S. for battery.

17. While filling out paperwork at the police station, Plaintiff was arrested for alleged battery to Hildago, D.D.S.

18. Plaintiff never battered Hildago, D.D.S.

19. There was no reason to believe that Plaintiff engaged in any illegal activity.

20. There was no legal cause to arrest Plaintiff.

21. Plaintiff did not consent to the seizure of his person.

22. Upon information and belief, Plaintiff alleges that P.O. Hildago is the father of Hildago, D.D.S.

23. Plaintiff is informed and believes and alleges thereon that P.O. Hildago, Hildago, D.D.S., and P.O. Glombicki engaged in joint action and entered into an agreement to harass Plaintiff by falsely arresting and bringing false criminal charges against Plaintiff. These are not routine police practices.

24. Plaintiff is informed and believes and alleges thereon that P.O. Hildago, Hildago, D.D.S., and P.O. Glombicki conspired with one another to cause Plaintiff to be falsely arrested and for false criminal charges to be brought against Plaintiff.

25. The arrest of Plaintiff was in retaliation for Plaintiff making complaints about Hildago, D.D.S.'s services and in further retaliation for filing and/or attempting to file a police report against Hildago, D.D.S.

26. P.O. Hildago and P.O. Glombicki used their police status and authority to cause Plaintiff to be arrested in retaliation for Plaintiff's verbal complaint to Hildago, D.D.S and for filing and/or attempting to file a police report against P.O. Hildago's son.

27. P.O. Glombicki wrongfully approved probable cause for Plaintiff's arrest.

28. As a result of being arrested, Plaintiff was never permitted to file a police report against Hildago, D.D.S.

29. The conduct of P.O. Hildago, Hildago, D.D.S., and P.O. Glombicki interfered with Plaintiff's First Amendment right to file a police report.

30. Hildago, D.D.S, P.O. Hildago, and P.O. Glombicki, in furtherance of the above referenced conspiracy, caused Plaintiff to be falsely charged with battery.

31. In order to cause Plaintiff to be falsely charged with battery, Hildago, D.D.S. signed a false criminal complaint against Plaintiff for battery.

32. The criminal charge was terminated in Plaintiff's favor on or about May 13, 2008.

33. By reason of the above-described acts and omissions of Defendants, Plaintiff sustained injuries, including but not limited to, humiliation and indignities, and suffered great mental and emotional pain and suffering all to his damage in an amount to be ascertained.

34. The aforementioned acts of Defendants were willful, wanton, malicious, oppressive and done with reckless indifference to and/or callous disregard for Plaintiff's rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

35. By reason of the above-described acts and omissions of Defendants, Plaintiff was required to retain an attorney to institute, prosecute and render legal assistance to him in the within action so that he might vindicate the loss and impairment of his rights. By reason thereof, Plaintiff

requests payment by Defendants of a reasonable sum for attorney's fees pursuant to 42 U.S.C. Section 1988, the Equal Access to Justice Act or any other provision set by law.

### Count I
### Plaintiff Against All Individual Defendants for
### Conspiracy to Deprive Plaintiff of Constitutional Rights

36. Plaintiff hereby incorporates and re-alleges paragraphs one (1) through thirty-five (35) hereat as though fully alleged in this place.

37. As alleged, Defendants and other conspirators entered into a conspiracy by undertaking the actions described in paragraphs twenty-three (23) through thirty-one (31) above, resulting in the false arrest and wrongful prosecution of Plaintiff.

38. Defendants' overt act of falsely arresting and wrongfully prosecuting Plaintiff in furtherance of said agreement resulted in the deprivations of rights, privileges, and immunities secured to him by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder.

39. The acts described constituted a wrongful seizure and a violation of Plaintiff's due process rights. Therefore, all Individual Defendants are liable for conspiracy under 42 U.S.C. § 1983.

### COUNT II
### Plaintiff Against All Individual Defendants for
### Retaliation and Interference

40. Plaintiff hereby incorporates and re-alleges paragraphs one (1) through thirty-five (35) hereat as though fully alleged at this place.

41. Plaintiff is entitled, under the First Amendment to the Constitution of the United States, to make complaints about services rendered and to file police reports for wrongs committed to his person.

42. Plaintiff exercised this Constitutionally protected right when he made a peaceful, verbal complaint to Hildago, D.D.S about the dental services he rendered and when Plaintiff filed and/or attempted to file a police report.

43. Defendants interfered with Plaintiff's Constitutional right to do so when Defendants conspired to prevent Plaintiff from filing his police report.

44. Defendants, in conspiracy with one another, retaliated against Plaintiff when Hildago, D.D.S. assaulted and battered Plaintiff without being charged for such criminal conduct, when Defendants caused Plaintiff to be falsely arrested, and when Defendants caused false criminal charges to be brought against Plaintiff.

45. Therefore, Defendants are liable to Plaintiff for Retaliation and Interference under 42 U.S.C. § 1983.

## COUNT III
### Plaintiff against Defendants P.O. Hildago and P.O. Glombicki for False Arrest and Unreasonable Seizure

46. Plaintiff hereby incorporates and re-alleges paragraphs one (1) through thirty-five (35) hereat as though fully alleged at this place.

47. By reason of the Defendants' conduct, Plaintiff was deprived of rights, privileges, and immunities secured to him by the Fourth Amendment to the Constitution of the United States and laws enacted thereunder.

48. Defendants caused the arrest of Plaintiff unreasonably and without probable or any legal cause to believe that Plaintiff had committed any crime. Therefore, Defendants and each of them are liable for false arrest under 42 U.S.C. § 1983.

## COUNT IV
### Plaintiff against Defendant Hildago, D.D.S for
### False Arrest and Unreasonable Seizure

49. Plaintiff hereby incorporates and re-alleges paragraphs one (1) through thirty-five (35) hereat as though fully alleged at this place.

50. By reason of the Defendant's conduct, Plaintiff was deprived of rights, privileges, and immunities secured to him by the Fourth Amendment to the Constitution of the United States and laws enacted thereunder.

51. Defendant assisted in causing the arrest of Plaintiff by willfully acting in concert with agents of the State, P.O. Hildago and P.O. Glombicki.

52. The arrest of Plaintiff was unreasonable and without probable or any legal cause to believe that Plaintiff had committed any crime. Therefore, Defendant is liable for false arrest under 42 U.S.C. § 1983.

## COUNT V
### Plaintiff Against Defendant Hildago, D.D.S for
### the Supplemental Claim of Assault and Battery

53. Plaintiff hereby incorporates and re-alleges paragraphs one (1) through thirty-five (35) hereat as though fully alleged at this place.

54. Defendant acted intentionally, and willfully and wantonly, in causing the assault, battery and emotional distress of Plaintiff.

55. Plaintiff did not consent to such conduct.

56. Defendant was not defending himself when he assaulted and battered Plaintiff.

57. As a result of the foregoing, Plaintiff was injured as set forth above.

## COUNT VI
### Plaintiff Against All Defendants for
### the Supplemental Claim of Malicious Prosecution

58. Plaintiff hereby incorporates and re-alleges paragraphs one (1) through thirty-five (35) hereat as though fully alleged at this place.

59. Defendants Hildago, D.D.S., P.O. Hildago, and P.O. Glombicki conspired and/or acted individually to cause a criminal prosecution to commence against Plaintiff.

60. Defendant Hildago, D.D.S, Defendant P.O. Hildago, a police officer employed by the City of Chicago, and Defendant P.O. Glombicki, a police officer employed by the City of Chicago, maliciously commenced and caused to be continued a criminal action against Plaintiff without probable cause for the institution of these proceedings. As a result, Plaintiff was injured emotionally, financially, and otherwise from the loss of certain constitutionally protected liberty and related rights.

61. Defendants Hildago, D.D.S., P.O. Hildago, and P.O. Glombicki conspired and/or acted individually to initiate, facilitate, and/or continue this malicious prosecution by the creation of false evidence, by giving false police reports, preparing and signing false criminal complaints, and/or by preparing false witness statements.

62. The criminal proceedings were terminated in Plaintiff's favor on or about May 13, 2008.

63. The City of Chicago is liable to Plaintiff for the acts of Defendants P.O. Hildago and P.O. Glombicki pursuant to the doctrine of *respondeat superior*.

64. Therefore, Defendants Hildago, D.D.S., P.O. Hildago, P.O. Glombicki, and the City of Chicago are liable under the supplemental state law claim of Malicious Prosecution.

## COUNT VII
### Plaintiff Against All Defendants for
### the Supplemental Claim of False Arrest

65. Plaintiff hereby incorporates and re-alleges paragraphs one (1) through thirty-five (35) hereat as though fully alleged at this place.

66. Defendants caused the arrest of Plaintiff unreasonably and without probable or any legal cause to believe that Plaintiff had committed any crime.

67. The City of Chicago is liable to Plaintiff for the acts of the Defendants P.O. Hildago and P.O. Glombicki pursuant to the doctrine of *respondeat superior*.

68. Therefore, Defendants and each of them are liable under the supplemental state claim of false arrest.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff, Frank Vazquez, Jr., by and through his attorneys, ED FOX & ASSOCIATES, requests judgment as follows against the Defendants, and each of them:

1. That the Defendants be required to pay Plaintiff's general damages, including emotional distress, in a sum to be ascertained;

2. That the Defendants be required to pay Plaintiff's special damages;

3. That the Defendants, other than the City of Chicago, be required to pay Plaintiff's attorneys fees pursuant to Section 1988 of Title 42 of the United States Code, the Equal Access to Justice Act or any other applicable provision;

4. That the Defendants, other than the City of Chicago, be required to pay punitive and exemplary damages in a sum to be ascertained;

5. That the Defendants be required to pay Plaintiff's costs of the suit herein incurred; and

6. That Plaintiff have such other and further relief as this Court may deem just and proper.

                BY:    s/ Meghan A. Gonnissen
                        Meghan A. Gonnissen
                        ED FOX & ASSOCIATES
                        Attorneys for Plaintiff
                        300 West Adams
                        Suite 330
                        Chicago, Illinois 60606
                        (312) 345-8877
                        mgonnissen@efox-law.com

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

BY: <u>s/ Meghan A. Gonnissen</u>
Meghan A. Gonnissen
ED FOX & ASSOCIATES
Attorneys for Plaintiff
300 West Adams
Suite 330
Chicago, Illinois 60606
(312) 345-8877
mgonnissen@efox-law.com